IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM ISOM RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1551 |
| | ) | Judge Alan N. Bloch / |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| AGENT ROBERT L. WERNER and AGENT ERIC J. YINGLING, | ) ) | |
| | ) | Re: ECF No. 1 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), ECF No. 1, be denied.

**II. REPORT**

Robert Isom Richardson ("Plaintiff"), is currently incarcerated in the Northeast Ohio Correctional Center, as a pre-trial detainee for federal charges, arising from the Western District of Pennsylvania. USA v. Richardson, No. 2:16-cr-139-MRH-3 (W.D. Pa.). Plaintiff sought leave to proceed in forma pauperis in order to file a civil rights complaint in this Court, suing two FBI agents, who were involved in the investigation of Plaintiff, which included the obtaining of a wiretap on Plaintiff's phone. ECF No. 1-1 at 3 - 4. Plaintiff alleges that the two defendant FBI agents acted without probable cause and violated his constitutional rights. Plaintiff alleges that the actions of the Defendants occurred on February 7, 2016, March 24, 2016, and June 6, 2016. Id. at 2.

Plaintiff is a prisoner who previously filed several prisoner civil rights actions in federal court, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case. Nor does Plaintiff come within the three strikes exception as the proposed Complaint fails to demonstrate that Plaintiff is in imminent danger of serious physical injury.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering Plaintiff's pending IFP Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

The three strikes that Plaintiff has accumulated are as follows. The first strike is <u>Richardson v. Mitchell</u>, No. 94-CV-852 (W.D. Pa. order dismissing complaint as legally frivolous filed 7/5/94 at ECF No. 4). The second strike is <u>Richardson v. Berkley</u>, No. 94-CV-1275 (W.D. Pa. order dismissing complaint as legally frivolous filed 9/15/94 at ECF No. 4). The third strike is <u>Richardson v. Scarbrough</u>, No. 97-CV-2273 (W.D. Pa. order dismissing complaint for failure to state a claim upon which relief may be granted filed on 1/22/98 at ECF No. 3). Accordingly, because Plaintiff has at least three strikes he may not proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. See <u>Abdul-Abkar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998)("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Given the allegations of the Complaint concerning the FBI agents, there is no imminent danger of serious physical injury.

Because Plaintiff has failed to carry his burden to show that he is in imminent danger of serious physical injury, which would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay

---

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending IFP Motion, ECF No. 1, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:  October 17, 2016

cc: The Honorable Alan N. Bloch
United States District Judge

WILLIAM ISOM RICHARDSON
38001068
2240 Hubbard Rd.
Youngstown, OH 44505